# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**VERONICA CINTRON,**

        **Plaintiff,**

v.                                                                          Case No: 6:23-cv-695-PGB-RMN

**ALEXANDER ELDRICK,**

        **Defendant.**

                                 /

## ORDER

This cause comes before the Court on Plaintiff Veronica Cintron's ("**Plaintiff**") Motion to Remand (Doc. 12 (the "**Motion**")) and Defendant Alexander Eldrick's ("**Defendant**") response in opposition (Doc. 15 (the "**Response**")). Upon consideration, the Motion is due to be granted in part and denied in part.[1]

## I.    BACKGROUND

On January 27, 2021, Defendant was operating a motor vehicle that crashed into Plaintiff, a non-motorist pedestrian. (Doc. 1-1, ¶¶ 4–7). As a result, Plaintiff sustained significant injuries. (*Id.* ¶ 10). Over a year later, prior to filing her lawsuit,

---

[1] In addition to remand, Plaintiff summarily requests the Court award respective attorney's fees and costs pursuant to 28 U.S.C. § 1447(c). (Doc. 12, p. 5). While the Court is due to grant remand, the Court denies Plaintiff's request for associated attorney's fees and costs.

Plaintiff emailed a claims examiner offering to settle her insurance claim with a "counter at $150,000.000." (Doc. 15-1, pp. 1–2).

Initially, on March 22, 2023, Plaintiff filed her Complaint in state court asserting a sole cause of action for negligence and seeking "damages . . . *of $75,000.*" (Doc 1-1 (emphasis added)). Then, on April 18, 2023, Defendant timely removed the case to this Court based on diversity jurisdiction. (Doc. 1). Now, Plaintiff moves to remand on the ground that Defendant fails to prove that the amount in controversy *exceeds* $75,000.00. (Doc. 12). Defendant responded in opposition (Doc. 15), and the matter is ripe for review.

## II.    STANDARD OF REVIEW

28 U.S.C. § 1441(a) authorizes a defendant to remove a civil action from state court to federal court where the controversy lies within the federal court's original jurisdiction. Because removal from a state court constitutes an infringement upon state sovereignty, the removal requirements must be strictly construed, and "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). Subject matter jurisdiction must be assessed at the time of removal. *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

In a diversity action, courts must be sure that the citizenship of the parties is completely diverse and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.[2] If a plaintiff fails to allege a specific amount in controversy, the

---

[2]   The parties do not contest diversity of citizenship, and thus, the Court does not address it.

removing party bears the burden of establishing that the amount in controversy threshold is met by a preponderance of the evidence. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208–09 (11th Cir. 2007).[3] Likewise, when a "plaintiff contests [a] defendant's [alleged] amount in controversy . . . the district court must find 'by the preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (quoting 28 U.S.C. § 1446(c)(2)(B)).[4] That said, "a removing

---

[3] The Court notes that the parties seem to dispute whether the amount requested by Plaintiff in her Complaint is specific or unspecific. (Docs. 12, 15). Such a determination implicates the required standard of proof. Historically, upon removal, to overcome a plaintiff's demand for a specific amount in damages, a defendant was required to prove to a "legal certainty" that the amount in controversy exceeds the jurisdictional threshold. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *Simmons v. Tiger Exp. Transp., Inc.*, No. 14-CV-857, 2014 WL 4809926, at *2 (M.D. Ala. Sept. 26, 2014). This is because "while a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his own claim." *Burns*, 31 F.3d at 1094–95. Accordingly, when a plaintiff's complaint requests a specific damage amount below the jurisdictional threshold, the requested amount is entitled to deference, and the removing party bears a heavy burden to satisfy removal requirements. *See id.*

On the one hand, here, the Court is inclined to construe Plaintiff's request for "damages . . . *of $75,000*" as a specific demand for less than the requisite minimum for diversity jurisdiction. (Doc. 1-1). Such a conclusion would impose on Defendant the much higher burden of proving to a legal certainty, versus a mere preponderance of the evidence, that the amount in controversy exceeds the jurisdictional minimum. *See Burns*, 31 F.3d at 1094–95. That being said, even if the Court were to deem Plaintiff's request as unspecific, the Court does not find by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. Thus, considering the outcome remains the same for Plaintiff, the Court employs the lesser "preponderance of the evidence" standard to offer Defendant the utmost deference in its analysis.

[4] Plaintiff attempts to rely on *Dart* to argue that following amendments in 2011 to the removal statutes, the burden of proof "shift[ed] . . . to the plaintiff seeking remand." (Doc. 15, pp. 3–4); *see Dart*, 574 U.S. at 87–88. However, Plaintiff's reliance on *Dart* is wholly misguided. Accordingly, Defendant inaccurately states the requisite burden of proof for removal. (Doc. 15, pp. 3–4). Contrary to Defendant's contention, *Dart* did not impose upon plaintiffs the "burden to show it is legally certain [a plaintiff's] recovery will not exceed" the jurisdictional threshold. (Doc. 15, pp. 6–8). Instead, *Dart* clarified that "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" unless "the plaintiff contests, or the court questions, the defendant's

3

defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).

Beyond the face of the complaint, a district court may consider the defendant's notice of removal and other relevant evidence submitted by the parties to determine the amount in controversy. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). "If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction." *Lowery*, 483 F.3d at 1211.

## III.  DISCUSSION

Plaintiff contends that Defendant failed to meet its burden of proof in establishing that the amount in controversy exceeds the requisite jurisdictional minimum of $75,000 and thus, remand is warranted. (Doc. 12, p. 3). At this stage, the Court agrees.

Essentially, Defendant argues that Plaintiff's pre-litigation settlement demand for $150,000 sufficiently supports the conclusion that the amount in controversy exceeds the minimum threshold for diversity jurisdiction.[5] (*Id.* at pp.

---

allegation." 574 U.S. at 90. In the latter case, the court would decide, "by a preponderance of the evidence, whether the amount-in-controversy requirement [was] satisfied." *Id.* at 89.

[5]  Defendant also attempts to argue that Plaintiff's refusal "to enter into a binding stipulation stating the amount in controversy did not exceed $75,000" indicates Plaintiff has "fail[ed] to carry her burden" to establish jurisdiction. (Doc. 15, pp. 11–14). However, there are two main problems with Defendant's contention. For one, as indicated previously, Defendant is incorrect as to Plaintiff's respective burden with regards to removal. *See supra* notes 3–4. Further, "[t]here are several reasons why a plaintiff would not so stipulate" that a claim does not exceed $75,000, and "a refusal to stipulate standing alone does not satisfy [] burden of

3–4).[6] Plaintiff, however, suggests that her pre-suit demand was an offer in anticipation of negotiations rather than a "reasonable assessment of the value of [her] claim" backed by specific information to support her request. (*Id.* at p. 4). Further, Plaintiff asserts that her past medical expenses are less than $35,000 and the prospect of future medical care, "without requisite evidence to establish necessity, is insufficient." (*Id.* at p. 5). Ultimately, the Court finds Plaintiff's argument more compelling.

"Settlement offers do not automatically establish the amount in controversy for purposes of diversity jurisdiction." *Lamb v. State Farm Fire Mut. Auto. Ins. Co.*, No. 10-CV-615-J-32JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010). In order to sufficiently establish the amount in controversy, a settlement demand must provide an honest assessment of damages, with specific information to support a plaintiff's request, rather than simply "reflect [mere] puffing and posturing." *E.g.*, *id.*; *see Collazo v. Progressive Select Ins. Co.*, No. 20-25302-CIV, 2021 WL 81666, at *3 (S.D. Fla. Jan. 11, 2021) (quoting *Perez-Malo v. First Liberty*

---

proof on the jurisdictional issue." *Williams*, 269 F.3d at 1320. Ultimately, a refusal to stipulate that the amount is less than the jurisdictional threshold, even when combined with a barebones pre-suit settlement demand, is insufficient to establish the jurisdictional threshold. *See Cosme v. Circle K. Stores, Inc.*, No. 20-CV-1974, 2021 WL 4810922, at *3 (M.D. Fla. Oct. 15, 2021) (concluding that "an entirely unsupported and undetailed settlement demand and a refusal to stipulate that the amount in controversy is less than $75,000. . . . is simply not enough" to meet the burden to establish the requisite amount in controversy).

[6] The Court notes that, while not determinative, "pre-suit demand letter[s] may be used to support the amount in controversy." *E.g.*, *Boyd v. State Farm Mut. Auto. Ins. Co.*, No. 15-CV-1965-ORL-22TBS, 2015 WL 12838805, at *2 (M.D. Fla. Dec. 16, 2015); *see Moser v. Cincinnati Ins. Co.*, No. 14-CV-03121, 2015 WL 628961, at *2 (M.D. Fla. Feb. 12, 2015). However, typically, "pre-suit demand letters alone [unless detailed] are not enough to establish" the requisite jurisdictional threshold." *Gagnon v. Petsmart, Inc.*, No. 20-CV-676-FtM-38MRM, 2020 WL 13356800, at *1 (M.D. Fla. Sept. 2, 2020).

*Ins. Corp.*, 2017 WL 7731958, \*3 (S.D. Fla. June 8, 2017)) ("Courts have held that a removing party may rely on a pre-suit demand to satisfy the jurisdictional amount if (1) 'the document reflects an honest assessment of damages,' and (2) the plaintiff 'does not contest the veracity of the information contained in the document despite having an opportunity to do so.'"). "[W]here a pre-suit demand letter is 'wholly uncorroborated,' the letter is only 'pre-suit posturing in the form of a settlement offer.'" *Collazo*, 2021 WL 81666, at \*3 (quoting *Garcia v. Scottsdale Ins. Co.*, No. 17-24565-CIV, 2018 WL 8334024, at \*2 (S.D. Fla. May 24, 2018)); *see Candelario v. USAA Cas. Ins. Co.*, No. 20-CV-2373, 2021 WL 406262, at \*2 (M.D. Fla. Feb. 5, 2021) ("[G]iven that the settlement offer equals two-thirds of the requisite amount in controversy and, even then, is built on a vague and speculative foundation, the letter does not support [defendant's] argument that the amount in controversy exceeds $75,000.").

Here, to establish the requisite amount in controversy, Defendant has set forth no more than a short email chain between Plaintiff and a claims examiner in which Plaintiff made a "counter at $150,000" to resolve the case. (Doc. 15-1, p. 2). However, the emails are devoid of any specific statement of expenses that led to the ultimate calculation of the settlement offer. (*See id.* at pp. 1–2). Moreover, Defendant offers no numerical evidence to demonstrate how Plaintiff's pre-suit demand, at the very least, reflects an honest assessment of damages. (*See id.*).[7] As

---

[7] The Court acknowledges that in the Response, Defendant alleges that Plaintiff indicated "past medical expenses of $6,773.63" in pre-suit negotiations. (Doc. 15, pp. 4, 9). However, this number—which appears to be the only specific amount Defendant sets forth—does relatively

mentioned previously, courts within the Eleventh Circuit have long recognized that allegations in pre-suit demand letters that "do not set forth any specific details as to the amount of damages" are not sufficient to demonstrate that the amount in controversy meets the jurisdictional requirement. *Reynolds v. Bush Ent. Corp.*, No. 03-cv-288, 2003 WL 25569730, at *5 (M.D. Fla. June 18, 2003) (finding plaintiff's pre-suit demand of $150,000 to settle the case "nothing more than mere posturing" and thus, not a "reliable indication of the damages" because "the demand letter merely [made] broad statements concerning the types of injuries and treatments which may be required" and did not state specific details as to the amount of damages); *see Cosme*, 2021 WL 4810922, at *2 (concluding that plaintiff's "barebones" proposal to settle for $800,000 "cannot possibly [lead the court] to conclude that the amount in controversy is met").

"[B]y their nature, settlement offers (particularly pre[-]suit) reflect a fair amount of puffing and posturing." *Gagnon*, 2020 WL 13356800, at *1. Without anything further to indicate the contrary, such is presumably the case here. *See, e.g.*, *Bien-Amie v. Brookdale Senior Living Inc.*, No. 21-CV-2446, 2021 WL 5028238, at *2 (M.D. Fla. Oct. 29, 2021) (concluding that an email of plaintiff "flatly mak[ing] a settlement offer of $80,000 without providing any specific

---

little to help Defendant establish the requisite amount in controversy exceeds $75,000. (*See generally id.*).

7

information as to how that amount was calculated" was insufficient to prove the requisite amount in controversy).

In sum, the Court does not find that the requisite amount in controversy has been established by a preponderance of the evidence and thus, remand is warranted. In any event, "[t]he high level of uncertainty regarding the amount in controversy must therefore be resolved in favor of remand." *See Candelario*, 2021 WL 406262, at *2; *Am. Tobacco*, 168 F.3d at 411.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Remand (Doc. 12) is **GRANTED IN PART AND DENIED IN PART**.[8]

2. This case is **REMANDED** to the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida for further proceedings.

3. The Clerk of Court is **DIRECTED** to send a certified copy of the Order to the Clerk of Court for the Ninth Judicial Circuit, in and for Orange County, Florida.

4. The Clerk of Court is **DIRECTED** to close the case.

**DONE AND ORDERED** in Orlando, Florida on July 5, 2023.

---

[8] As stated *supra*, the Court declines to award Plaintiff attorney's fees and costs associated with the remand pursuant to 28 U.S.C. § 1447(c). Simply put, the Court does not find that Defendant lacked an objectively reasonable basis for removal. *See generally Martin v. Franklin Cap. Corp.*, 546 U.S. 132 (2005).

8

Paul G. Byron
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties